STATE of Maine

v.

Kershaw E. POWELL.

Supreme Judicial Court of Maine.

Argued April 29, 1991.

Decided May 31, 1991.

David W. Crook, Dist. Atty. and Alan P. Kelley (orally), Deputy Dist. Atty., Augusta, for the State.

Ernest Babcock (orally) and Steven R. Davis, Friedman & Babcock, Portland, for defendant.

Before McKUSICK, C.J., and ROBERTS, WATHEN, GLASSMAN, CLIFFORD and COLLINS, JJ.

CLIFFORD, Justice.

The State of Maine appeals pursuant to 15 M.R.S.A. § 2115–A (1980 & Supp.1990)[1] from an order of the District Court (Waterville, *Russell, J.*) suppressing all evidence obtained from the stop and arrest of defendant Kershaw E. Powell for operating a motor vehicle while under the influence of intoxicating liquor. 29 M.R.S.A. § 1312–B

(Supp.1990). Because the evidence before the motion judge did not compel a finding that the arresting officer had a reasonable and articulable suspicion of criminal activity to justify the stop of Powell's vehicle, we affirm.

On June 30, 1990, the police department of the Town of Oakland set up a roadblock on Fairfield Street in Oakland to detect persons operating motor vehicles while under the influence of alcohol. At about 10:50 p.m., a police officer who had instructions to stop vehicles avoiding the roadblock observed a vehicle approach the roadblock, turn left into a driveway, back out onto the roadway, and drive off in the other direction. In pursuing the vehicle, the officer did not observe erratic driving or the violation of any traffic laws. The vehicle, which was driven by Powell, pulled over to the side of the road immediately after the officer turned on the flashing blue lights in his police cruiser. Powell subsequently was arrested and charged with operating a motor vehicle while under the influence of intoxicating liquor pursuant to 29 M.R.S.A. § 1312–B.

■ The District Court suppressed all evidence obtained following the stop and arrest on the ground that the arresting officer did not have a reasonable and articulable suspicion of criminal activity to justify the stop of Powell's vehicle.[2] *See* M.R. Crim.P. 41A. On appeal from the grant of Powell's motion to suppress, the State contends that the reversal of direction of Powell's vehicle as it approached the roadblock created a reasonable and articulable suspicion of criminal conduct that justified the stop of the vehicle.[3]

1. 15 M.R.S.A. § 2115–A(1) provides for a direct appeal by the State from the District Court to this court from an order suppressing evidence. *See State v. Thwing,* 487 A.2d 260, 264 (Me. 1985).

2. The State argues that the District Court applied an improper standard by requiring it to show that the officer had "probable cause" to stop the vehicle rather than the correct standard of a "reasonable and articulable suspicion." Although the motion judge did casually use the phrase "probable cause" at one point during the motion hearing, he subsequently enunciated and applied the proper standard. *See Thwing,*

487 A.2d at 263 (in absence of record demonstrating the contrary, it is assumed judge knew and correctly applied the law).

3. The State contends in the alternative that the stop of Powell's vehicle was made pursuant to the roadblock itself and therefore does not require a showing of individualized suspicion. *See Michigan Dept. of State Police v. Sitz,* —— U.S. ——, ——, 110 S.Ct. 2481, 2485, 110 L.Ed.2d 412 (1990) (stop of vehicle at valid sobriety checkpoint requires no individualized suspicion). The State, however, presented no evidence as to the validity of the roadblock at the motion hearing and conceded that Powell "was

 "An investigatory stop of a car or its occupants cannot be conducted unless the officer involved is 'able to point to specific and articulable facts which, taken together with rational inferences from these facts, reasonably warrant that intrusion.'" *State v. Laplante,* 534 A.2d 959, 962 (Me.1987) (quoting *Terry v. Ohio,* 392 U.S. 1, 21, 88 S.Ct. 1868, 1879, 20 L.Ed.2d 889 (1968)). The State, as the party bearing the burden of proof before the District Court on the motion to suppress, must demonstrate on appeal that the court was compelled to find that the stop of Powell's vehicle was based on a reasonable and articulable suspicion. *State v. Kneeland,* 552 A.2d 4, 6 (Me.1988).

We view the evidence in a light most favorable to Powell,[4] and the evidence supports the court's finding that it was not reasonable for the officer to believe Powell was turning around to avoid a roadblock.[5] There was evidence that Powell turned around as much as four-tenths of a mile, or 700 yards, before the roadblock itself, and 500 yards before the first traffic cones and signs warning of the upcoming roadblock. Although the officer may have suspected that Powell reversed his direction to avoid the roadblock, the court did not find that suspicion reasonable. The court found that the most the officer reasonably could conclude from Powell's actions was that he turned around in the face of police lights and cruisers in the distance. Under the circumstances of this case, the court was not compelled to find that the officer had a reasonable suspicion of criminal activity.

---

not stopped at the roadblock." Moreover, evidence in the record that Powell's vehicle was stopped as much as six-tenths of a mile from the roadblock clearly does not compel a finding that the stop was within the scope of the roadblock.

4. The State failed to request the District Court to make specific findings of fact and conclusions of law pursuant to M.R.Crim.P. 41A(d). The absence of findings of fact in the record on appeal allows this court to assume that the District Court found all facts necessary to support its ruling on the motion to suppress. *State v. Fournier,* 554 A.2d 1184, 1187 (Me.1989).

The entry is:

Judgment affirmed.

All concurring.

---

5. Because the court could have found that it was not reasonable for the officer to believe Powell was turning around to avoid the roadblock we need not address whether avoidance of a roadblock may give rise to an articulable suspicion of criminal conduct. *Compare State v. Talbot,* 792 P.2d 489, 495 (Utah App.1990) (avoidance of a roadblock, without more, does not create an articulable suspicion that occupants of vehicle are engaged in or are about to engage in criminal activity) *with Snyder v. State,* 538 N.E.2d 961, 965 (Ind.App. 4th Dist.1989) (driver's attempt to avoid roadblock by turning around raises a specific and articulable fact giving rise to reasonable suspicion on part of police officer that driver may be committing a crime).