**Kershaw E. POWELL**

v.

**SECRETARY OF STATE.**

Supreme Judicial Court of Maine.

Argued June 2, 1992.
Decided Oct. 8, 1992.

Michael E. Carpenter, Atty. Gen., Donald W. Macomber, (orally), Asst. Atty. Gen., Augusta, for appellant.

Martha C. Gaythwaite, (orally), Friedman & Babcock, Portland, for appellee.

Before WATHEN, C.J., and ROBERTS, GLASSMAN, CLIFFORD and COLLINS, JJ.

CLIFFORD, Justice.

The Secretary of State appeals from an order of the Superior Court (Kennebec County, *Alexander, J.*) vacating the decision of a hearing examiner upholding the administrative license suspension of Kershaw Powell. Powell's license had been suspended for operating a motor vehicle while having 0.08% or more by weight of alcohol in his blood. *See* 29 M.R.S.A. § 1311–A(2), (3) (Pamph. 1991) The Superior Court determined that the exclusionary rule associated with the fourth amendment to the United States Constitution applies to administrative license suspension hearings and that the hearing examiner should have considered whether the evidence presented in the administrative proceeding was obtained in violation of Powell's constitutional rights. Because the constitutionality of Powell's stop is not an issue that the applicable statute requires or even allows the hearing examiner to decide, and because we are unpersuaded by Powell's contention that the federal fourth amendment exclusionary rule must be applied in administrative license suspension hearings, we vacate the Superior Court judgment and remand for entry of a judgment affirming the decision of the Secretary of State.

The underlying facts leading to the administrative hearing in this case are recited in *State v. Powell,* 591 A.2d 1306 (Me.1991). Powell was the operator of a vehicle that turned around before reaching a roadblock set up to detect persons operating motor vehicles while under the influence of alcohol. Powell was pursued and stopped, and subsequently arrested for operating under the influence. 29 M.R.S.A. § 1312–B (Pamph.1991). The District Court suppressed all evidence obtained following the stop on the ground that the arresting officer lacked a reasonable and articulable suspicion of criminal activity to justify the stop of Powell's vehicle. *Powell,* 591 A.2d at 1307.

Pursuant to 29 M.R.S.A. §§ 1311–A(2), (3), Powell's license to operate a motor vehicle was suspended by the Secretary of State based on the arresting officer's report and the results of the blood-alcohol test administered to Powell. Pursuant to 29 M.R.S.A. §§ 1311–A(7), (8) (Pamph. 1991), Powell invoked his right to a hearing on the administrative license suspension. Powell, who was represented at the hear-

ing, contested only the issue of probable cause under 29 M.R.S.A. § 1311–A(8)(B)(1), and argued that the decision of the District Court to suppress all evidence flowing from the stop was binding on the administrative proceeding and that the exclusionary rule should apply. Relying on 29 M.R.S.A. § 1311–A(8)(B), the hearing examiner ruled that his only statutory task was to determine whether there was probable cause to believe that Powell was operating with excessive alcohol in his blood. He further concluded that the reasonableness of the stop was a separate issue and was not before him. The hearing officer, after determining that neither the exclusionary rule nor principles of collateral estoppel applied to an administrative license suspension hearing, upheld Powell's suspension. Powell appealed to the Superior Court pursuant to 29 M.R.S.A. § 1311–A(8)(E), 5 M.R.S.A. §§ 11001–11008, and M.R.Civ.P. 80C.

The Superior Court vacated the decision of the hearing examiner, concluding that because the administrative license suspension was "quasi-criminal," Powell was entitled to have the exclusionary rule applied, and to have the admissibility of evidence tested according to general notions of "due process and fair play." The Secretary of State then appealed to this court.

## I.

■ Driver's licenses may be suspended by the Secretary of State pursuant to 29 M.R.S.A. § 1311–A. A person whose license has been suspended is entitled to a hearing to determine whether

(1) There was probable cause to believe that the person was operating or attempting to operate a motor vehicle while having 0.08% or more by weight of alcohol in his blood;

(2) The person operated or attempted to operate a motor vehicle; and

(3) At the time the person had 0.08% or more by weight of alcohol in his blood.

29 M.R.S.A. § 1311–A(8)(B)(1)–(3). Powell argues that section 1311–A(8)(B)(1) requires the hearing examiner to find that there was probable cause to believe the motorist was guilty of criminal conduct so as to justify the initial stop. We disagree. Nothing in the plain language of section 1311–A(8)(B)(1) requires the hearing examiner to determine the legality of the stop or whether there was probable cause to stop the vehicle. Indeed, adopting Powell's construction of the statute would lead to the curious result of an administrative hearing officer having to find *probable cause* to justify a stop while requiring the court in a criminal case to find only *reasonable and articulable suspicion* to justify the same stop. *See State v. LaPlante,* 534 A.2d 959, 962 (Me.1987). Such an absurd result is to be avoided when construing statutes. *State v. Niles,* 585 A.2d 181, 182 (Me.1990); *Davis v. State,* 306 A.2d 127, 130 (Me.1973) (statutes should be construed to adopt sense of words that best harmonizes with the context and the policy and object of legislation).

Moreover, that the probable cause determination required by section 1311–A(8)(B)(1) applies only to whether the operator of the vehicle has excessive alcohol in his blood is further supported by section 1311–A(8)(D). That section provides:

"If it is determined after hearing that there was not the *requisite probable cause for blood-alcohol test administration* ... the suspension shall be removed immediately and the Secretary of State shall delete any record of the suspension."

(Emphasis added.) The probable cause determination made at the hearing pursuant to section 1311–A(8)(B)(1) is not directed to the initial stop, but rather to whether the officer had sufficient reason to justify the administration of a blood-alcohol test. *See Oliver v. Secretary of State,* 489 A.2d 520, 523 (Me.1985). Such a probable cause determination comports with 29 M.R.S.A. § 1312, the implied consent statute, requiring probable cause before a blood-alcohol test may be administered.[1] Contrary to

1. The duty to submit to a blood-alcohol test arises when there is probable cause to believe that the person has operated or attempted to operate a motor vehicle while under the influ-

Powell's assertions, the governing statute does not require that the hearing examiner make a probable cause determination as to the initial stop.

## II.

■ Even though the statute does not require an examination of the initial stop, Powell contends that the fourth amendment requires the application of the exclusionary rule in an administrative license suspension hearing. The exclusionary rule is a judicially created remedy designed to safeguard fourth amendment rights. *United States v. Calandra,* 414 U.S. 338, 348, 94 S.Ct. 613, 620, 38 L.Ed.2d 561 (1974). The prime purpose of the rule is to deter unlawful police conduct. *Id.* at 347, 94 S.Ct. at 619. The remedy of exclusion for violation of the fourth amendment has generally been limited to criminal cases. "As with any remedial device, the application of the rule has been restricted to those areas where its remedial objectives are thought most efficaciously served." *Id.* at 348, 94 S.Ct. at 620. "In the complex and turbulent history of the [exclusionary] rule, the court never has applied it to exclude evidence from a civil proceeding, federal or state." *United States v. Janis,* 428 U.S. 433, 447, 96 S.Ct. 3021, 3029, 49 L.Ed.2d 1046 (1976). Neither the United States Supreme Court nor this court has directly addressed the applicability of fourth

amendment protections and exclusionary rule remedies to administrative license suspension proceedings.[2] The United States Supreme Court has applied the exclusionary rule to a proceeding involving property forfeiture, concluding that a civil forfeiture proceeding based on criminal conduct is "quasi-criminal" in nature. *One 1958 Plymouth Sedan v. Commonwealth of Pennsylvania,* 380 U.S. 693, 700–02, 85 S.Ct. 1246, 1250–52, 14 L.Ed.2d 170 (1965). The Supreme Court, however, held the rule to be inapplicable to a civil federal deportation proceeding. *Immigration & Naturalization Serv. v. Lopez–Mendoza,* 468 U.S. 1032, 1041–42, 104 S.Ct. 3479, 3484–85, 82 L.Ed.2d 778 (1984). The *Lopez–Mendoza* Court used the framework set forth in *United States v. Janis* for deciding in what types of proceedings application of the exclusionary rule is appropriate. *Id.* (citing *Janis,* 428 U.S. at 446–48, 96 S.Ct. at 3028–29). The Court employed a balancing test weighing the likely social benefits of excluding evidence flowing from an unlawful seizure against the likely costs and benefits of using such evidence in a civil proceeding. *Id.*

In applying such a test in the instant administrative license suspension proceeding, we conclude that the fourth amendment's exclusionary rule should not be applied.[3] Because the evidence has already

---

ence of intoxicating liquor or drugs. 29 M.R.S.A. § 1312 (Pamph.1991). Prior to 1981, the duty to submit to a blood-alcohol test did not arise until the person was arrested for operating or attempting to operate a motor vehicle while under the influence of alcohol. 29 M.R.S.A. § 1312 (1978) *amended by* P.L. 1981, ch. 475, § 2.

2. Other jurisdictions that have addressed the question whether the exclusionary rule applies to administrative license suspension proceedings have differed in their conclusions. *Compare Westendorf v. Iowa Dept. of Transp.,* 400 N.W.2d 553, 556–57 (Iowa 1987) (fourth amendment exclusionary rule inapplicable in license revocation proceeding) and *Holte v. State Highway Comm'r,* 436 N.W.2d 250, 252 (N.D.1989) (refusing to extend exclusionary rule to license suspension proceeding) *with Whisenhunt v. Department of Pub. Safety,* 746 P.2d 1298, 1299–1300 (Alaska 1987) (excluding evidence in license suspension proceeding) *and Pooler v. Motor Vehicles Div.,* 306 Or. 47, 755 P.2d 701, 703

(1988) (excluding evidence in license suspension proceeding).

3. Powell additionally contends that because the District Court has already determined that Officer Bickford had no reasonable and articulable suspicion to justify the initial stop, the issue of probable cause has been conclusively established in Powell's favor. The contention is without merit. 29 M.R.S.A. § 1311–A(2)(C) provides in pertinent part:

> [T]he determination of these facts by the Secretary of State is independent of the determination of the same or similar facts in the adjudication of any criminal charges arising out of the same occurrence. The disposition of those criminal charges shall not affect any suspension under this section.

Clearly, the legislature intended the administrative proceeding to be separate and apart from the criminal proceeding, with the criminal disposition having no *res judicata* or issue preclusion effect on the license suspension proceeding.

been excluded from the criminal proceeding, there is little additional deterrent effect on police conduct by preventing consideration of the evidence by the hearing examiner. The costs to society resulting from excluding the evidence, on the other hand, would be substantial. The purpose of administrative license suspensions is to protect the public. *Thompson v. Edgar*, 259 A.2d 27, 30 (Me.1969). Because of the great danger posed by persons operating motor vehicles while intoxicated, it is very much in the public interest that such persons be removed from our highways. *See State v. Chapin*, 610 A.2d 259, 261 (Me. 1992); *State v. Leighton*, 551 A.2d 116, 118 & n. 2 (Me.1988).

In addition, the application of fourth amendment principles would add an undue burden to license suspension hearings. Contrary to the conclusion of the Superior Court, a license suspension hearing is not a quasi-criminal proceeding, but rather a "reasonable regulatory measure to protect public safety." *State v. Anton*, 463 A.2d 703, 707 (Me.1983). Requiring hearing examiners to apply the exclusionary rule would unnecessarily complicate and burden an administrative proceeding designed to focus on the single issue of whether a person was operating a vehicle with excessive alcohol in his blood. Powell's contention that the exclusionary rule of the fourth amendment should be applied to administrative license suspension hearings is unpersuasive.

### III.

The Superior Court, in vacating the decision of the hearing examiner, went beyond the fourth amendment analysis raised by Powell at the administrative hearing, and concluded that notions of fundamental fair play should operate to keep out illegally seized evidence from an administrative license suspension proceeding. Because Powell failed to raise the issue of fundamental fair play at the administrative level, he has not preserved the issue for purposes of appeal. *New England Whitewater, Inc. v. Department of Inland Fisheries & Wildlife*, 550 A.2d 56, 60–61 (Me.

1988). Moreover, our review of the record discloses no violation of Powell's right to procedural due process. Powell received fair notice, a full hearing with the right to call his own witnesses and cross-examine others, and was informed of his right to appellate review.

The entry is:

Judgment vacated. Remanded to the Superior Court for entry of judgment affirming the decision of the Secretary of State.

All concurring.