[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff appeals from a decision of the defendant CT Page 548 Commissioner of the State of Connecticut Department of Motor Vehicles (DMV) suspending her motor vehicle operator's license for a period of one year.[1] Connecticut's implied consent law, General Statutes § 14-227b, mandates a license suspension for the refusal to submit to blood alcohol content testing. The court finds the issues in favor of the defendant.
The plaintiff was arrested as a result of the following incident. On September 1, 1997, at 0023 hours, police officers were dispatched to the scene of a motor vehicle accident on a public highway in New Canaan, Connecticut. When the police arrived they found the driver and occupant of one vehicle at the scene. The police had been summoned on the remaining driver's car telephone. The operator of the other vehicle had allegedly gone through a stop sign; and left the scene shortly after the collision. In addition to the description of plaintiff's motor vehicle, the victims recorded her vehicle's license marker. The plaintiff returned to her home and reported the accident to the police. The arresting officer observed the plaintiff outside her home; she emitted a strong odor of alcohol, had slurred speech and appeared highly intoxicated. Plaintiff admitted to drinking that evening but denied drinking at home after the accident. Plaintiff was not always responsive to the officer's inquiries and appeared disoriented.
Plaintiff declined to perform field sobriety tests and was arrested for operating under the influence in violation of General Statutes § 14-227a and driving through a stop sign in violation of General Statutes § 14-301. Following her arrest, plaintiff became belligerent, used obscenities and acted irrationally.
Plaintiff at the police station appeared uncooperative and disoriented. Plaintiff asserted her constitutional right to legal counsel when advised of such right. The Police Officer continued to ask for her signature on the acknowledgement of the Miranda rights notice and to give plaintiff her implied consent law advisory.[2] Plaintiff, on two occasions, declined the offer to telephone an attorney. After initially indicating a willingness to take a breath test of her blood alcohol content, plaintiff repeatedly declined to do so. The refusal to submit to the test was witnessed by another New Canaan Police Officer.
At the plaintiff's administrative hearing, the A-44 report and supplements were admitted (one unsworn and incomplete CT Page 549 attached statement Exhibit B for identification was not admitted.) Plaintiff offered a videotape from the New Canaan Police Department.
Plaintiff raises two issues in her appeal: "(1) that her refusal to submit to a chemical analysis was obtained in violation of the fifth amendment to the United States Constitution and Article 1, Section 8 of the Connecticut Constitution, and (2) that at the time of her arrest, the police lacked probable cause to believe plaintiff had operated a motor vehicle while intoxicated." (Plaintiff's Brief page 1.)
Plaintiff's constitutional argument is essentially that once she invoked her right to legal counsel, the police could not continue to read the implied consent advisory and ask her to take a breath test.
This claim fails for several reasons. In the first instance the motor vehicle license suspension proceeding is not a criminal proceeding. The Miranda rules, Miranda v. Arizona, 384 U.S. 436
(1966), regarding the cessation of police interrogation after the invocation of the right to legal counsel does not appear applicable in this administrative context. See Powell v.Secretary of State, 614 A.2d 1303 (1992). Manosky v.Commonwealth, 550 A.2d 1372 (Pa.Cmwlth. 1988). See also Altshulv. Salinas, Superior Court, judicial district of Hartford/New Britain at Hartford, Docket No. 01571823 (McWeeny, J., October 21, 1997); Scranton v. DMV, Superior Court, judicial district of Tolland at Rockville, Docket No. 44545 (Smith, J., October 16, 1991); Papa v. Department of Motor Vehicles, Superior Court, judicial district of Tolland at Rockville, Docket No. 44456 (Smith, J., October 15, 1991); Poluhowich v. DelPonte, Superior Court, judicial district of Litchfield, Docket No. 46988 Dranginis, J., January 22, 1988), affirmed, 18 Conn. App. 823
(1989). Though not addressing this specific fact pattern, our Supreme Court's view is ascertainable in Buckley v. Muzio,200 Conn. 1, 8 (1986): "A person has no constitutional right to withhold non-testimonial evidence when the state's demand is supported by probable cause. The legislature has prescribed the circumstances under which chemical testing for intoxication is mandatory. That a motorist is given the choice to refuse the test, and thereby suffer the consequences, means only that the legislature has chosen to enforce mandatory testing for intoxication by the least oppressive means, and in such a manner as to avoid hostile encounters between the motorist and police. CT Page 550 (Internal citations omitted.)
The Miranda rights are clearly aimed at interrogation. The taking of non-testimonial evidence has always been distinguished from prohibited interrogation under Miranda. See Schmerber v.California, 384 U.S. 757 (1966) (where the nonconsensual blood testing of an accused drunk driver was upheld).
Our Supreme Court has ruled that there is no constitutional right to refuse mandatory blood alcohol testing under our implied consent law. There is no controlling authority holding thatMiranda rights are applicable in this administrative context and such an issue is not one of the four issues relevant to a §14-227b hearing. Buckley v. Muzio, supra, 200 Conn. 8; Volck v.Muzio, 204 Conn. 507, 521 (1987).
The probable cause issue is the appropriate subject of a § 14-227b hearing and appeal. "Probable cause, broadly defined, comprises such facts as would reasonably persuade an impartial and reasonable mind not merely to suspect or conjecture, but to believe that criminal activity has occurred." (Internal quotations omitted.) State v. Barton, 219 Conn. 529,548 (1991). "It is a flexible common sense standard that does not require the police officer's belief to be either correct or more likely true or false." State v. Stevens, 26 Conn. App. 805, 810
aff'd, 224 Conn. 730 (1992). The "existence of probable cause is to be determined on the basis of the collective information of the law enforcement organization as a whole and not solely on the arresting officer. State v. Gant, 231 Conn. 43, 63 (1994), cert. denied, 514 U.S. 1038 (1995).
Police were dispatched at 0023 hours to the site of a two vehicle accident. The operator of the other vehicle had called the police by use of her portable telephone. Witnesses reported plaintiff had ran a stop sign. Plaintiff, when confronted at her residence, admitted operating her motor vehicle and denied having any alcohol after the accident The plaintiff refused the field sobriety test at 0054. When the officer confronted plaintiff it was a reasonable and fair inference that she had recently erratically operated a motor vehicle on a public highway. She admitted operation, witnesses described her operation, the other car was at the site of the accident and the police had only recently been dispatched.
The officer when approaching plaintiff noted a strong odor of CT Page 551 an alcoholic beverage coming from" her. Plaintiff's speech was "slurred," she "appeared very disoriented" and was unresponsive to questions. She became belligerent and refused to perform field sobriety tests. See, O'Rourke v. Commissioner of Motor Vehicles,33 Conn. App. 501, cert. denied 229 Conn. 909 (1994) wherein the driver was not observed operating and inferences were also allowed as to the time of operation.
The plaintiff's involvement in the accident, odor of alcohol, slurred speech and disoriented appearance unquestionably establish probable cause for an arrest for driving under the influence in violation of § 14-227b. Plaintiff's behavior on the videotape, though subsequent to her arrest, was viewed by the hearing officer. The tape would seem to rule out any conclusion other than that the plaintiff was highly intoxicated.
The plaintiff argues that the time of operation is not established. It is not precisely established, but certainly it is reasonable to conclude from the facts that the operation by plaintiff was within a short time prior to the dispatch time. The vehicle that was hit was still at the scene of the accident when the officers arrived. Indeed, the witness statement of Emily Sussman, the driver of the vehicle that was hit, indicates the brief period between the time of the accident and the time the police were called from the scene of the accident.[3] The police had been called from the scene of the accident. There is no reason to assume that the accident (and plaintiff's operation of the motor vehicle) had not occurred within minutes rather than hours of the dispatch of the police at 0023 hours and their arrival on the scene at 0024 hours.
The appeal is dismissed.
Robert F. McWeeny J.