STATE OF MAINE
CUMBERLAND, ss.

STATE OF MAINE
CUMBERLAND, ss.
CLERK'S OFFICE

2003 MAY 12 A 8: 24

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. AP-02-028,

JEROME E. TIBBETTS,

Petitioner,

v.

DECISION AND ORDER

STATE OF MAINE SECRETARY OF STATE,
BUREAU OF MOTOR VEHICLES,

Respondent,

DONALD L. GARBRECHT
LAW LIBRARY

JUN 4 2003

This matter is before the court on the appeal of the petitioner Jerome Tibbetts from the decision of the respondent Secretary of State, Bureau of Motor Vehicles (BMV) dismissing his petition for an administrative hearing regarding the suspension of his driver's license.

BACKGROUND

On January 27, 2002 a Portland Police Officer arrested the petitioner for OUI. The law enforcement officer also submitted a report to BMV, which included a certificate of an intoxillizer test result indicating that the petitioner's blood alcohol content (BAC) was .08% or more. 29-A M.R.S.A. § 2481 (1996 & Supp. 2003). As a result, the petitioner's license was administratively suspended. *Id.*

Concurrent with the criminal prosecution, the petitioner requested a hearing before BMV regarding the administrative suspension of his license. BMV scheduled a hearing for the morning of March 20, 2002. On March 19, 2002 at 4:00 p.m., the petitioner requested a continuance of the hearing because he had not yet retained counsel. A new hearing was set for the

morning of April 10, 2002. On April 9, 2002 at 4:55 p.m., the petitioner requested a second continuance because he had just retained counsel. The hearing was rescheduled for May 9, 2002. The petitioner failed to appear at the hearing and his petition was dismissed. He filed this appeal on June 18, 2002.

## DISCUSSION

The petitioner's appeal is untimely. The Administrative Procedures Act (APA) prescribes a 30-day period within which an aggrieved party may appeal final agency action. The appeal period begins from the time of notice of the action. 5 M.R.S.A. § 11002(3) (2003). In this case, the petitioner acknowledges receiving notice on May 11, 2002. He filed the petition on June 18, 2002 – thirty-eight days later.[1] *Brown v. State, Dept. of Manpower Affairs*, 426 A.2d 880 (Me. 1981) (time limitations in APA are jurisdictional and are noticeable *sua sponte*).

Even if timely, the appeal must be denied. The petitioner asserts to this court that his BAC test results were suppressed in the criminal action and the OUI charge was subsequently dismissed, although there is no record reference supporting this assertion.[2] From this premise, he argues that BMV improperly relied on the suppressed BAC evidence when it suspended his license. BMV counters that the petitioner failed to preserve and generate the issue for this appeal because he failed to appear at the administrative hearing. Further, BMV argues that this court's review on appeal is limited to the record before

---

[1] The petitioner explains that he confused the date of the BMV hearing (May 9, 2002) with the date of the court hearing on his motion to suppress (May 16, 2002).

[2] At the petitioner's request, a continuance of this appeal was granted to allow the petitioner to obtain a transcript of the criminal court proceedings. However, no such record was ever provided to this court.

2

that agency, unless the court grants a request to present additional evidence. M.R. Civ P. 80C(f). There has been no such request. Finally, BMV argues that it could suspend the petitioner's license based on the police report and BAC evidence, notwithstanding the suppression of such evidence by the criminal court, because the standard of proof and constitutional requirements for criminal charges are far more stringent then those that govern BMV's suspension decision. The court agrees with the respondent.

The petitioner failed to adequately preserve his rights before the administrative agency. His failure to appear at the BMV hearing on May 9th properly resulted in the dismissal of his petition for a hearing on the suspension of his license. If he had appeared he could have presented evidence to attempt to rebut the allegations about his BAC level. Because he did not, he has waived the right to argue that issue on appeal. *Seider v. Bd. Of Psychologists*, 2000 ME 206, ¶ 39, 762 A.2d 551 (holding that issues not raised at the administrative hearing are deemed unpreserved for appellate review); 5 M.R.S.A. § 11007(2)-(4); M.R. Civ. P. 80C(c). Also, because this court is limited to the record before the hearing officer below, the dismissal of the petition must be affirmed.

Even if the petitioner had properly moved to submit additional evidence regarding the suppression of BAC evidence and the eventual dismissal of the OUI charge and was allowed to do so, the result would be the same. The suppression of evidence at his criminal proceeding did not preclude the administrative agency and hearing officer from relying on the results reported to BMV by the arresting officer. 29-A M.R.S.A. § 2485(4)(1996 & Supp. 2003). The hearing officer did not need to determine the legality of the arrest or stop.

3

*Powell v. Secretary of State*, 614 A.2d 1303, 1305 (Me. 1992). He was only required to determine whether there was probable cause for a blood alcohol determination of .08% or more. *Id.* The exclusionary rule in criminal cases does not apply to evidence in administrative hearings. *Id.* at 1306-07 (reasoning that there was little deterrent effect on police conduct by excluding the evidence from remedial, non-punitive, administrative proceedings); 5 M.R.S.A. § 9057 (2002) (stating that all evidence upon which reasonable persons would rely is admissible at administrative proceedings); 29-A M.R.S.A. § 2431(1996 & Supp. 2003) (stating that test results are admissible at suspension hearings).

## DECISION

Pursuant to M.R. Civ. P. 79(a), the Clerk is directed to enter this Decision and Order on the Civil Docket by a notation incorporating it by reference and the entry shall be:

> The decision of the State of Maine Secretary of State, Bureau of Motor Vehicles dismissing Petitioner's petition to that agency is AFFIRMED.

Dated   May 9, 2003

_____
Justice, Superior Court

4

Date Filed __06-18-02__ __CUMBERLAND__ Docket No. __AP02-28__
                              County

Action ____80C APPEAL____

JEROME E. TIBBETTS                    BUREAU OF MOTOR VEHICLES


                                vs.

| Plaintiff's Attorney | Defendant's Attorney |
|---|---|
| JEROME E. TIBBETTS<br>616 WESTBROOK STREET<br>SOUTH PORTLAND ME 04106<br>775-2804 | JOSEPH WANNEMACHER, AAG<br>6 State House Station<br>Augusta, ME 04333-0006<br>(207) 626-8800 |

| Date of Entry | |
|---|---|
| 2002<br>June 19 | Received 6-18-02.<br>Summary sheet filed. |
| " " | Notice of appeal filed. |
| " " | Application to proceed without payment of fees filed. |
| " " | Indigency affidavit filed. |
| June 20 | On 6-19-02.<br>As to Jerome Tibbetts application to proceed without payment, the filing fee is waived. (Cole, J.)<br>6-20-02 copy mailed to Jerome Tibbetts at 616 Westbrook Street, South Portland ME 04106 |
| Aug. 7 | Received 08-07-02:<br>Certified Copy of Complete Record filed. |
| Sept. 3 | On 9-3-02.<br>Briefing schedule mailed. Petitioner's brief due 10-14-02. (NOT PREVIOUSL[Y]<br>MAILED AS APPEAL CLERK NOT NOTIFIED OF RECORD BEING FILED) |
| Oct 18 | Received 10-18-02:<br>Petitioners Brief with Attachments filed. |
| Dec. 27 | Received 12-24-02:<br>Plaintiff, Jerome E. Tibbetts Motion for Enlargement of Time filed. |
| Dec. 30 | On 12-30-02:<br>As to Plaintiff, Jerome E. Tibbetts Motion for Enlargement of time: Defendant reports that it has no objection t Plaintiffs' Motion for enlargement of time and, therefore, it is granted. The hearing on the 80c Appeal shall be set for the March 26, 2003 Motion list.(Humphrey, J.).<br>On 12-30-02 Copies mailed to Jerome E. Tibbetts at 616 Westbrook Street, South Portland, Maine 04106 and Joseph Wannemacher, AAG. |