STATE OF MAINE                          SUPERIOR COURT
SOMERSET, SS.                           CRIMINAL ACTION
                                        DOCKET NO.: CR-05-314

                                        JMJ - SOM - 12/8/05

STATE OF MAINE

    V.                                  DECISION

CHRISTOPHER COMFORT


        Before this court is a Motion to Suppress filed by the defendant. Ken Lexier, Esq.
appeared on behalf of the defendant, and James Mitchell, Esq. appeared on behalf of the
state of Maine.

                                       Facts

        On July 23, 2005, the Fairfield Police Department was running a roadblock
checking for persons operating under the influence. Fairfield Police Officer, Steve
Trahan, testified that he noticed the defendant's vehicle abruptly slow down
approximately 700 hundred feet from the roadblock and quickly make a turn into a
driveway and change direction. Officer Trahan indicated that he believed the vehicle
abruptly slowed down because he saw the front of the vehicle dip. Upon seeing the
defendant's vehicle quickly change direction, he ordered Officer Amy Trahan to stop the
vehicle. She quickly pursued the vehicle with her blue lights and wigwags on.

        The defendant turned into an Irving truck stop and Officer Trahan indicated that
the defendant got out of his automobile, ignored her presence in the parking area of the
truck stop, and attempted to enter the truck stop.

                                     Discussion

        In order to justify the stop of the defendant, it is necessary for the State to prove
by a preponderance of the evidence that the police had "reasonable and articulable
suspicion of criminal conduct."

        "In an investigatory stop of a car or its occupants cannot be conducted unless the
officer involved is able to point to specific and articulable facts which, taken together
with rational inferences from these facts, reasonably warrant that intrusion." State v.
Powell, 591 A.2d 1306, 1308 (ME 1991).

The question before this court is whether it was reasonable for the Fairfield police officer to suspect that the defendant was involved in criminal conduct because he abruptly slowed down and quickly turned to proceed in an opposite direction away from the roadblock.

In the Powell case, the Law Court upheld the lower court's finding that merely turning around in the face of police lights in the distance was not reasonable suspicion. Powell turned his vehicle a distance that was seven hundred yards from the roadblock itself. In the Powell case, the state failed to request the District Court to make specific findings of fact and conclusions of law. Because of this, the Law Court assumed that the District Court found all facts necessary to support its ruling. Footnote five in the decision makes reference to the fact that the court could have found that it was not reasonable, but since there was no specific findings made the court did not decide whether avoidance of a roadblock may give rise to articulable suspicion of criminal conduct. The footnote cites a case from Utah holding that avoidance alone, without more, does not create reasonable suspicion. In contrast, the footnote also cites an Indiana case, which holds an attempt to avoid a roadblock by turning around raises a specific and articulable fact-giving rise to a reasonable suspicion.

In the case of State of Maine v. Clement D'Angelo, 605 A.2d 68 (ME 1992) once again the Maine Law Court dealt with roadblocks. Here the central issue was whether avoidance of a roadblock may give rise to an articulable suspicion of criminal conduct. In that case, the vehicle pulled into a driveway about 75 yards before the checkpoint. The police officer at the checkpoint had reason to believe that the vehicle did not belong in that driveway. He knew some of the houses' residents and had never seen this particular vehicle at the house. The driver of the vehicle stopped the engine, turned off the lights, but did not leave the vehicle. Instead, the driver and the occupants turned to observe the police activities. The Law Court overturned the Superior Court's reversal of the District Court's decision finding that there were sufficient facts for the District Court to find and conclude that the police officer in question did have enough information to come to a reasonable suspicion that something criminal was going on.

In this case the court finds that the driver of the vehicle did not merely stop and turn to proceed in the opposite direction; there was additional facts that lead the police

2

officer to be suspicious. The court finds that the stopping and the turning, plus the police officer's observation of an abrupt slowdown and a quickly made turn to change directions, gave him sufficient reason for making the stop. The court finds that these facts give rise to reasonable suspicion of criminal conduct. It does not rely solely on the stopping and the turning, but the manner in which the stop and turn was made.

For these reasons, the court hereby denies the defendant's motion to suppress.

DATED: 12-8-05

Joseph M. Jabar
Justice, Superior Court

3

SUPERIOR COURT
SOMERSET, ss.
Docket No SKOSC-CR-2005-00314

**DOCKET RECORD**

DOB: 07/27/1965
Attorney: KENNETH LEXIER
      WRIGHT & MILLS PA
      263 WATER STREET
      PO BOX 9
      SKOWHEGAN ME 04976-0009
      APPOINTED 07/25/2005

State's Attorney: JAMES MITCHELL

Filing Document: CRIMINAL COMPLAINT
Filing Date: 07/25/2005

Major Case Type: MISDEMEANOR (CLASS D,E)

## Charge(s)

1   OPERATING UNDER THE INFLUENCE          07/23/2005 SHAWMUT
Seq 9878  29-A  2411(1-A)(A)      Class D

2   OPERATING WHILE LICENSE SUSPENDED OR     07/23/2005 SHAWMUT
   REVOKED
Seq 9888  29-A  2412-A(1-A)(A)    Class E

## Docket Events:

08/22/2005 Charge(s): 1,2
      TRANSFER - TRANSFER FOR JURY TRIAL EDI ON 08/22/2005 @ 20:01

      TRANSFERRED CASE: SENDING COURT CASEID SKODCCR200501309
      FILING DOCUMENT - CRIMINAL COMPLAINT FILED ON 07/25/2005

      BAIL BOND - $200.00 CASH BAIL BOND FILED ON 07/26/2005

      BAIL BOND - CASH BAIL BOND DISBURSEMENT ON 08/22/2005

      Charge(s): 1,2
      HEARING - ARRAIGNMENT HELD ON 07/25/2005
      JAMES MACMICHAEL , JUDGE
      DEFENDANT INFORMED OF CHARGES. 21 DAYS TO FILE MOTIONS
      Charge(s): 1,2
      PLEA - NOT GUILTY ENTERED BY DEFENDANT ON 07/25/2005

      TRIAL - BENCH SCHEDULED FOR 08/17/2005 @ 1:00

      NOTICE TO PARTIES/COUNSEL
      TRIAL - BENCH NOT HELD ON 08/17/2005

      MOTION - MOTION FOR APPOINTMENT OF CNSL FILED BY DEFENDANT ON 07/25/2005

      MOTION - MOTION FOR APPOINTMENT OF CNSL GRANTED ON 07/25/2005