STATE OF MAINE
CUMBERLAND, ss.

SHANE CORCORAN

Plaintiff

v.

DEPARTMENT OF SECRETARY
OF STATE, BUREAU OF MOTOR
VEHICLES

Respondent

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. AP-05-062
CUM-RAG-4/27/06

ORDER ON
PLAINTIFF'S
80C APPEAL

Before the court is Plaintiff Shane Corcoran's ("Plaintiff") petition, pursuant to M.R.Civ.P. 80C, for review of an August 2, 2005 decision of the Department of the Secretary of State, Bureau of Motor Vehicles ("State"), denying his request for reconsideration of the suspension of his driver's license.

## FACTUAL BACKGROUND

On the evening of June 5, 2005, Officer Ryan Martin of the Cumberland Police Department was on patrol on the Gray Road, which connects the towns of Cumberland and Gray. While just over the Cumberland/Gray town boundary, in the town of Gray, Officer Martin observed that the front license plate of Plaintiff's vehicle was missing, and that the vehicle's muffler was loud, and he pulled Plaintiff over. After approaching the vehicle, Officer Martin reported he was struck by the odor of alcohol. He administered the standard field sobriety tests and found Plaintiff to exhibit signs of intoxication. He then arrested Plaintiff, based on his belief that Plaintiff was operating the motor vehicle while under the age of twenty-one years with alcohol in his blood, and that he had a passenger in the vehicle who was under the age of twenty-one. Plaintiff was transported to the Cumberland police department for an intoxilyzer test, which

1

revealed a blood alcohol content of .08%. The State found that, at the time of the incident, Officer Martin was acting on a good-faith belief that he was within the town of Cumberland when he arrested Plaintiff, a determination that is supported by adequate evidence in the record.

On July 7, 2005, the State held an administrative hearing, and suspended Plaintiff's license for a period of 545 days based on a finding that Officer Martin had probable cause to believe that Plaintiff was operating a motor vehicle while under the age of twenty-one years with alcohol in his blood, and that he had a passenger in the vehicle who was under the age of twenty-one.

Plaintiff requested reconsideration of this suspension, based on the fact that, at the time of the arrest, Officer Martin had no authority to arrest Plaintiff where he did, in the town of Gray. At the time of the arrest, Officer Martin was a police officer with the town of Cumberland, next door to Gray, but he was not sworn in as a deputy with the Cumberland County Sheriff's Department, which covers both towns, until June 23, 2005, eighteen days after Plaintiff's arrest.

## ARGUMENT

Maine law requires that an administrative suspension be supported by probable cause. *See* 29-A M.R.S.A. § 2481[1]. Plaintiff argues that Officer Martin

---

[1] This section states:

**Administrative procedures for suspension**

1. REPORT OF OFFICER. A law enforcement officer who has probable cause to believe a person has violated the terms of a conditional driver's license, commercial driver's license or provisional license or committed an OUI offense shall send to the Secretary of State a report of all relevant information, including, but not limited to, the following:

    A. Information adequately identifying the person charged;
    B. The ground that the officer had for probable cause to believe that the person violated the terms of a conditional driver's license, commercial driver's license or provisional license or committed an OUI offense;
    C. A certificate of the results of blood-alcohol tests conducted on a self-contained breath-alcohol testing apparatus; and
    D. If a person fails to submit to a test, the law enforcement officer's report may be limited to a written statement under oath

lacked the capacity to form probable cause because he lacked the authority to make an arrest. According to Plaintiff's logic, probable cause implies the authority to make an arrest, and as Officer Martin lacked the authority to make an arrest, being outside of his jurisdiction, *a fortiori*, he could not form probable cause.

Plaintiff's argument cannot be sustained. His license was suspended pursuant to 29-A M.R.S.A. § 2481, which is an administrative provision designed to protect public safety. *See Powell v. State*, 614 A.2d 1303, 1307 (Me. 1992). As such, the single issue before the State was whether, on the basis of the information received by it, it could properly conclude that the person was operating a vehicle with excessive alcohol in his blood. *See id.* The State made its determination on the basis of information in the report and the evidence received at the hearing, as it was directed to do by the statute. At the time of Plaintiff's hearing, the State had in its possession Officer Martin's report, which included Plaintiff's age, a description of the evidence of his intoxication, and the observation that he was transporting a person under the age of 21, and it heard Officer Martin's testimony to the same. These were the bases for the State's imposition of a 545-day suspension.

The statute contains very particular requirements concerning the contents of the report and certification of the report, including that the report be executed

---

stating that the officer had probable cause to believe that the
person violated the terms of a conditional driver's license,
commercial driver's license or provisional license, or committed an
OUI offense and failed to submit to a test.
The report must be under oath and on a form approved by the Secretary of State.
If the blood-alcohol test was not analyzed by a law enforcement officer, the person who analyzed the results shall send a copy of that certificate to the Secretary of State.
[2. omitted]
3. DETERMINATION. The Secretary of State shall make a determination on the basis of the information required in the report.
This determination is final unless a hearing is requested and held.
If a hearing is held, the Secretary of State shall review the matter and make a final determination on the basis of evidence received at the hearing.

under oath, and that the results of the blood-alcohol test be sent to the State by the person who analyzed them. These requirements are designed to ensure that the information contained in the report is relevant and reliable. The statute does not direct the State to inquire about the arresting officer's jurisdiction to make the arrest out of which flowed the evidence of Plaintiff's infractions. This is because the town in which a person is arrested does not have any bearing on the information required in such reports.

Plaintiff argues that, if the court finds that Officer Martin was competent to form probable cause, it would likewise have to acknowledge retired police officers' ability to form probable cause for purposes of an administrative license suspension. This argument ignores the fact that the State makes its determination to suspend a license based on a *report* of a law enforcement officer, made under oath, on a form approved by the Secretary of State, and accompanied by papers certifying the results of an official blood-alcohol test. Retired police officers do not have access to such forms and processing. This is perhaps another explanation for why the legislature did not include a requirement that the law enforcement officer be "acting within his jurisdiction" at the time probable cause is formed. Such a requirement would not only fail to serve an important function but could also be unduly restrictive in situations such as this, where an arrest is made on the border of two towns by an officer acting in good faith, but just outside of his jurisdiction.

Both the letter and the spirit of the statute were observed by the State in suspending Plaintiff's license. Absent any allegation of bias on Officer Martin's part, or any dispute as to the accuracy of Officer Martin's report, Plaintiff has no ground to dispute the suspension of his license.

**The entry is:**

Plaintiff's appeal is DENIED. The State's decision on reconsideration of Plaintiff's license suspension is AFFIRMED.

Dated: April *27*, 2006

Roland A. Cole
Justice, Superior Court

Date Filed __SEPT.2 2005__ __CUMBERLAND__ Docket No. _____AP-05-62_____
County

Action _____80C APPEAL_____

SHANE CORCORAN                          MAINE DEPT. OF THE SECRETARY OF STATE

vs.

| Plaintiff's Attorney | Defendant's Attorney |
|---|---|
| JOHN H BRANSON ESQ<br>178 MIDDLE STREET, SUITE 400<br>PORTLAND MAINE 04101<br>(207)780-8611 | ~~DALE BENNO~~-AAG/PHYLLIS GARDINER AAG<br>6 STATE HOUSE STATION<br>AUGUSTA MAINE 04333-0006<br>(207)626-8800 |

Date of
Entry