STATE OF MAINE
KENNEBEC, SS.

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. AP-2017-26

CALVIN GOODHUE,
          Petitioner

**DECISION AND ORDER**

v.

SECRETARY OF STATE,
          Respondent

The matter before the court is an appeal by the Petitioner from a decision of a hearing officer with the Bureau of Motor Vehicles dated May 15, 2017 refusing to rescind the administrative suspension of his driver's license for a period of 150 days, on the basis of a report from a Waterville police officer that the Petitioner had operated a motor vehicle with an excessive blood alcohol level on January 11, 2017. This appeal has been brought in accordance with 5 M.R.S. §§11001-11008 (Maine Administrative Procedure Act) and M.R.Civ.P. 80C. The sole issue before the court is whether the hearing officer committed legal error when she admitted into evidence at the administrative hearing the Certificate of Alcohol Analysis from a sample of his blood obtained from him after he was read the so-called implied consent form. Stated otherwise, the Petitioner asserts that his blood sample was obtained as a result of coercion and that the exclusionary rule should have been applied in the administrative hearing to exclude the results of the blood alcohol analysis.

## FACTUAL AND PROCEDURAL BACKGROUND

The facts from the administrative record may be summarized as follows[1]:

On January 11, 2017 at 1:03 a.m., Officer Ryan Dinsmore was dispatched to the scene of a motor vehicle accident on West River Road in Waterville. Upon arrival at the accident site, the officer found an empty truck with a male, later identified as the Petitioner, staggering around it. Based upon his investigation, Officer Dinsmore developed probable cause to believe that the Petitioner had operated a motor vehicle with an excessive blood alcohol level, a determination the Petitioner did not, and does not, contest.

The Petitioner was taken by ambulance to the hospital for treatment. Officer Dinsmore followed the ambulance and met up with the Petitioner. The officer informed the Petitioner that he believed the Petitioner has been driving while under the influence of alcohol. The Petitioner was requested to submit to the taking of a sample of his blood. He refused. Officer Dinsmore then read to the Petitioner, verbatim, the information contained on the form entitled "Law Enforcement Officer's Report Relating to Implied Consent." (Exhibit 5). The Petitioner then consented to the taking of a blood sample.

A blood sample was thereupon taken from the Petitioner by a phlebotomist at the hospital. The blood kit containing the sample was later delivered to the Health and Environmental Testing Laboratory in Augusta. The Certificate of Alcohol Analysis (Exhibit 2) showed a blood alcohol level of .12. The Secretary of State notified the Petitioner by letter mailed on April 1, 2017 that his driver's license would be suspended for 150 days effective April 10, 2017. (Exhibit 3). The

---

[1] The administrative record inadvertently contains a fax cover sheet dated April 4, 2017 pertaining to an unrelated case involving a Wayne St. Peter of Aroostook County.

Petitioner, through counsel, requested a hearing which was eventually held on May 15, 2017, pending which the license suspension was stayed.

At the administrative hearing, counsel for the Petitioner objected to the admission of the Certificate of Alcohol Analysis (Exhibit 2) on the basis that there was a "due process" violation in the taking of Petitioner's blood. (Transcript at 20-21). More specifically, Petitioner argued that the taking of his blood sample, after his initial refusal, was coerced when the officer read the "implied consent" form to him. In short, the Petitioner maintained that the taking of his blood violated the standards announced in *Birchfield v. North Dakota*, ___U.S.___, 136 S.Ct. 2160 (2016), and further urged the hearing officer to exclude the evidence from the administrative suspension hearing. The hearing officer overruled the objection and admitted the evidence. (Transcript at 27).

The stay of the license suspension was extended until May 20, 2017. The Rule 80C petition was filed on May 18, 2017. The Petitioner's motion for stay pursuant to 5 M.R.S. §11004 was denied, after hearing, on May 19, 2017. A hearing on the Rule 80C appeal was held on December 5, 2017.

## DISCUSSION

The Law Court has frequently reaffirmed the principle that judicial review of administrative agency decisions is "deferential and limited." *Passadumkeag Mountain Friends v. Bd. of Envtl. Prot.*, 2014 ME 116, ¶ 12, 102 A.3d 1181 (quoting *Friends of Lincoln Lakes v. Bd. of Envtl. Prot.*, 2010 ME 18, ¶ 12, 989 A.2d 1128). The court is not permitted to overturn an agency's decision "unless it: violates the Constitution or statutes; exceeds the agency's authority; is procedurally unlawful; is arbitrary or capricious; constitutes an abuse of discretion; is affected by bias or error of law; or is unsupported by the evidence in the record." *Kroger v Departmental of Environmental Protection*, 2005 ME. 50, ¶ 7, 870 A.2d 566. The party seeking to vacate a state agency decision has the burden of persuasion on

3

appeal. *Anderson v Maine Public Employees Retirement System,* 2009 ME. 134, ¶ 3, 985 A.2d 501. In particular, a party seeking to overturn an agency's decision bears the burden of showing that "no competent evidence" supports it. *Stein v. Me. Crim. Justice Academy,* 2014 ME 82, ¶ 11, 95 A.3d 612.

As previously observed, the only issue before the court is whether the hearing officer committed an error of law by admitting the results of the alcohol analysis of the Petitioner's blood. In *Birchfield v. North Dakota* the Supreme Court indicated that "[o]ur prior opinions have referred approvingly to the general concept of implied-consent laws that impose civil penalties and evidentiary consequences on motorists who refuse to comply." 136 S. Ct. at 2185. Nevertheless, the Court held that a motorist cannot be deemed to have consented to the taking of a blood sample pursuant to a North Dakota law that required such consent "on pain of committing a criminal offense." *Id* at 2186. In that *Birchfield* companion case – *Beylund v. Levi* – the Court remanded to the North Dakota courts to re-evaluate the voluntariness of the defendant's consent based on the totality of the circumstances.

Moreover, in a footnote the Court pointed out that on remand the North Dakota courts would have to determine whether the evidence should be suppressed "in an administrative rather than criminal proceeding." 136 S.Ct. at 2186, n. 9. On remand, the North Dakota Supreme Court followed the majority approach, including the existing law in Maine, that the exclusionary rule does not apply to "civil administrative license suspension proceedings." *Beylund v. Levi,* 2017 N.D. 30, ¶ 24, 889 N.W.2d 907 *citing Powell v. Secretary of State,* 614 A.2d 1303, 1306-07 (Me. 1992).

4

Maine's "implied-consent" statute,[2] is not the same as the North Dakota law addressed in *Birchfield*. 29-A M.R.S. §2521. Maine's law does not criminalize the refusal to consent to a chemical test, but it does impose license suspension and evidentiary consequences for such a refusal. Whether Maine's statute runs afoul of *Birchfield* in terms of the admissibility of evidence in a criminal proceeding, is now before the Law Court. *See State v. Lemeunier-Fitzgerald*, 2016 Me. Super. LEXIS 170 (Marden, J.) (August 22, 2016) *appeal pending*.

As noted earlier, the Law Court held in *Powell v. Secretary of State* that the exclusionary rule does not apply in an administrative license suspension proceeding. This court finds no reason to depart from the holding previously established in *Powell*. Moreover, the opinion of the North Dakota Supreme Court is persuasive. Finally, the officer in this case did precisely what the law required him to do. Applying the exclusionary rule in this case in the administrative suspension hearing would not serve any legitimate deterrent purpose.

## CONCLUSION

The entry is:

The Petition for Review of Final Agency Action is DENIED.

DATED: December 27, 2017.

William R. Stokes
Justice, Maine Superior Court

---

[2] Notwithstanding its name, the Law Court has made it clear that Maine's statutory scheme is not an implied-consent law. Rather, a motorist is required to submit to a chemical test if there is probable cause to believe he/she has operated a motor vehicle while under the influence of intoxicants. *State v. Boyd*, 2017 ME 36, ¶ 13, 156 A.3d 748.